## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: January 19, 2017        523085
_____

In the Matter of the Claim of
   WILLIAM QUALLS,
                 Appellant,

      v                        MEMORANDUM AND ORDER

BRONX DISTRICT ATTORNEY'S
   OFFICE et al.,
                 Respondents.

WORKERS' COMPENSATION BOARD,
                 Respondent.
_____

Calendar Date: November 22, 2016

Before: Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

_____

      John F. Clennan, Ronkonkoma, for appellant.

      Zachary W. Carter, Corporation Counsel, New York City (Levi Grosswald of counsel), for Bronx District Attorney's Office and another, respondents.

_____

Egan Jr., J.

      Appeals (1) from a decision of the Workers' Compensation Board, filed September 9, 2015, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed December 21, 2015, which denied claimant's application for reconsideration and/or full Board review.

      On the evening of November 3, 2012, claimant, an investigator with the Bronx District Attorney's Office, suffered

an ischemic stroke at his residence and thereafter filed a claim for workers' compensation benefits.  Following a hearing, a Workers' Compensation Law Judge found that claimant's stroke was causally related to his employment and awarded benefits.  Upon review, however, the Worker's Compensation Board reversed, finding that there was insufficient medical evidence to establish the requisite causal relationship between claimant's employment and his disability.  Claimant's subsequent application for reconsideration and/or full Board review was denied, and these appeals ensued.[1]

We affirm.  As the party seeking benefits, claimant bore the burden of establishing — by competent medical evidence — a causal connection between his employment and the claimed disability (see Matter of Poverelli v Nabisco/Kraft Co., 123 AD3d 1309, 1310 [2014]; Matter of Bailey v Ben Ciccone, Inc., 104 AD3d 1017, 1017 [2013]).  In this regard, "[w]hile the Board cannot rely upon expert opinion evidence that amounts to nothing more than pure speculation, the Workers' Compensation Law does not require that medical opinions be expressed with absolute or reasonable medical certainty" (Matter of Estate of Harris v General Elec. Co., 115 AD3d 1133, 1134 [2014] [internal quotation marks, ellipsis and citations omitted]).  Rather, "[a]ll that is required is that it be reasonably apparent that the expert meant to signify a probability as to the cause and that his or her opinion be supported by a rational basis" (id. at 1134 [internal quotation marks, brackets and citations omitted]; see Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d 890, 891 [2009]).  Applying that standard to the evidence adduced at the hearing, the Board found claimant's medical proof to be lacking — a finding that is, in turn, supported by the record before us.

Claimant testified that the stress caused by his assignment to protect a key witness in a murder trial resulted in his

---

[1]  Inasmuch as claimant did not raise any arguments in his brief regarding the Board's denial of his application for reconsideration and/or full Board review, we deem his appeal from that decision to be abandoned (see Matter of Krietsch v Northport-East Northport UFSD, 116 AD3d 1255, 1256 n 2 [2014]).

stroke, and his treating physician opined — in his written report — that such work-related stress was "likely to be a contributory factor to [claimant's] ischemic stroke."[2]  Although claimant's physician reiterated that opinion during the course of his deposition, again stating that such stress was "likely to be a contributory factor" with respect to claimant's stroke, the physician also variously testified that work-related stress "may have been" or "could've been a contributory factor."  In this regard, claimant's physician again acknowledged that claimant had "other multiple risk factors for ischemic stroke" — with hypertension being "the major risk factor" — leading claimant's physician to conclude that work-related stress "most likely was not the only factor" underlying claimant's stroke.  Indeed, claimant's physician confirmed that, even "outside of the stress that he was facing at work," claimant "[a]bsolutely" would "still be at risk for the same kind of stroke."  Finally, claimant's physician conceded that, while the claimed stress "certainly may have been a contributory factor, . . . there's absolutely no way to tell if [claimant] would have had [the stroke] without the stress" as "[t]here's no objective way of testing it."

Given claimant's multiple and independent risk factors for a stroke, as well as his physician's equivocal testimony as to the role that stress "may" or "could" have played in contributing to claimant's disability, the Board was free to characterize — and ultimately reject — the medical evidence offered by claimant as speculative (see Matter of Bradley v US Airways, Inc., 58 AD3d 1043, 1044-1045 [2009]).  Absent sufficient medical evidence to establish a causal relationship between claimant's employment and his disability, the Board's decision must be affirmed.

Garry, J.P., Rose, Clark and Mulvey, JJ., concur.

---

[2]  The physician's written report also noted, however, that claimant had "a number of risk factors for ischemic stroke," including diabetes, hypertension and hyperlipidemia, and the physician acknowledged during his deposition testimony that claimant "was on multiple medications" to treat his documented diabetes, high blood pressure and high cholesterol.

ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court