Matter of Wen Liu v Division of Gen. Internal Medicine, Mount Sinai Sch. of Medicine (2020 NY Slip Op 04896)





Matter of Wen Liu v Division of Gen. Internal Medicine, Mount Sinai Sch. of Medicine


2020 NY Slip Op 04896


Decided on September 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 3, 2020

530215

[*1]In the Matter of the Claim of Wen Liu, Appellant,
v
Division of General Internal Medicine, Mount Sinai School of Medicine, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Law Office Anthony Ranieri, Ozone Park (Anthony Ranieri of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian M. Anson of counsel), for Division of General Internal Medicine, Mount Sinai School of Medicine, and others, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed April 1, 2019, which ruled that claimant did not sustain a causally-related injury and denied her claim for workers' compensation benefits.
In May 2010, claimant, a data programming analyst, filed a claim for workers' compensation benefits claiming that she had sustained an injury to her neck on June 5, 2008, when she fell at work after becoming dizzy. Claimant was later found to have provided prima facie evidence of injuries to her head and neck, and carpal tunnel syndrome in the left wrist. The employer failed to file a timely notice of controversy and, therefore, was precluded from submitting evidence that claimant did not sustain accidental injuries or that the alleged injuries did not arise out of and in the course of her employment (see Workers' Compensation Law § 25 [2] [b]). A Workers' Compensation Law Judge nevertheless found that claimant had not demonstrated a causal connection between her injuries and her employment and disallowed the claim. The Workers' Compensation Board upheld the determination, and claimant appeals.
We affirm. "The employer's failure to timely file a notice of controversy did not relieve claimant from [her] burden to demonstrate a causal relationship between [her] employment and medical condition" (Matter of Cunningham v New York City Tr. Auth., 122 AD3d 1042, 1042 [2014] [internal quotation marks, brackets and citations omitted]; see Matter of Scott v Manhattan & Bronx Surface Tr. Operating Auth., 132 AD3d 1048, 1049 [2015]). "[I]n order to establish her claim for benefits, claimant bore the burden of demonstrating, by competent medical evidence, that a causal connection existed between her injuries and her employment" (Matter of Nock v New York City Dept. of Educ., 160 AD3d 1238, 1239 [2018] [internal quotation marks, brackets and citations omitted]; see Matter of Hansen v Saks Fifth Ave., 145 AD3d 1257, 1257 [2016]). "Where . . . medical proof is offered to demonstrate that causal relationship, such proof must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Hansen v Saks Fifth Ave., 145 AD3d at 1257 [internal quotation marks and citations omitted]; see Matter of Fox v Altmar-Parish-Williamstown Cent. Sch. Dist., 175 AD3d 1728, 1729 [2019]).
Claimant's medical experts concluded that she suffers from neck, head and wrist injuries causally related to the 2008 fall at work. These opinions were not reached until after claimant had filed her claim and were based upon claimant's description of the incident, which included that she had struck her head on a wall and her wrist on a chair during the fall and had lost consciousness. The emergency room records indicate, both on the day of the incident and at subsequent visits in the days following, that claimant reported no loss of consciousness and reflect that she complained about feeling weak and dizzy, with no mention of striking her head or wrist during a fall, and no complaints of head or neck pain or injury. Although claimant complained of numbness to her left hand on June 11, 2008, she denied any trauma to that area. The emergency room records also reflect that claimant indicated that she had suffered from chronic left arm numbness and neck pain for over five years. Given the foregoing, substantial evidence supports the Board's rejection of claimant's medical proof as unworthy of belief, and its decision that claimant was not injured in a work-related accident on June 5, 2008 will not be disturbed (see Matter of Fernandes v Del Frisco's Rest. GRP, 159 AD3d 1319, 1320 [2018]; Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1442-1443 [2016]).
Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.