Matter of Rossi v Albert Pearlman Inc. (2020 NY Slip Op 06418)





Matter of Rossi v Albert Pearlman Inc.


2020 NY Slip Op 06418


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

527514

[*1]In the Matter of the Claim of Nicholas Rossi, Appellant,
v Albert Pearlman Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: October 16, 2020

Before: Lynch, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Joel M. Gluck, New York City, for appellant.
Tanisha S. Edwards, State Insurance Fund, Melville, for Albert Pearlman Inc. and another, respondents.



Devine, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 17, 2017, which ruled, among other things, that claimant did not sustain a causally-related injury and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed December 6, 2017, which denied claimant's application for reconsideration and/or full Board review.
Claimant worked for the employer as a painter. He filed a claim for workers' compensation benefits as the result of a myocardial infarction that he sustained on May 27, 2016. Claimant sought medical treatment at the hospital that same evening and remained in the hospital for a few days, during which time he underwent a stent procedure. He did not return to his job thereafter.
The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, asserting that it was not compensable and was not causally related to claimant's work. A Workers' Compensation Law Judge (hereinafter WCLJ) thereafter issued decisions establishing the claim for work-related myocardial infarction and awarding compensation. The carrier appealed those decisions to the Workers' Compensation Board. The Board ruled, among other things, that claimant had failed to establish that his myocardial infarction was causally related to his work activities and disallowed the claim. Claimant, in turn, filed an application for reconsideration and/or full Board review, which the Board denied. Claimant appeals from both decisions.[FN1]
"Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Issayou v Issayuou Inc., 174 AD3d 1277, 1277 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 909 [2020]; see Matter of Docking v Lapp Insulators LLC., 179 AD3d 1275, 1275-1276 [2020]). It is the claimant who must establish, by competent medical evidence, the existence of a causal connection between his or her injury and his or her employment (see Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d 1762, 1763 [2019]; Matter of Granville v Town of Hamburg, 136 AD3d 1254, 1255 [2016]). "Such evidence must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d at 1763 [internal quotation marks and citations omitted]; see Matter of Smith v Rochester-Genesee Regional Transp. Auth., 174 AD3d 1264, 1265 [2019]). "In reviewing a Board decision concerning the medical question of causality, we will look to the record to determine whether, read as a totality, it contains substantial and adequate opinion evidence to support the Board's finding" (Matter of Kilcullen v AFCO/Avports Mgt. LLC, 138 AD3d 1314, 1315 [2016] [internal quotation marks and citations omitted]).
Claimant testified that on May 27, 2016 he was working in a basement that was not air conditioned or well ventilated, carrying around heavy objects and repeatedly climbing up and down a ladder. He experienced chest pain that came and went throughout the day and worsened after he completed his work and went home, at which point his wife took him to the hospital. Claimant stated that he did not notify the employer of his chest pain during the work day, and his supervisor testified that he was not aware of claimant's affliction until after claimant was hospitalized and could not report to work as scheduled.
Conflicting medical evidence was presented on the issue of causation. Jonathan Sumner, a cardiologist who reviewed claimant's medical records and conducted an independent medical examination of claimant on behalf of the carrier, opined that claimant's myocardial infarction was not causally related to his work. He based his opinion on the fact that claimant was performing his usual work activities at the time that he was stricken and had previously experienced symptoms of chest discomfort that were suggestive of a blockage of the coronary artery. The blockage was confirmed during a cardiac catherization at the hospital, and Sumner pointed out that claimant reported, upon his admission to the hospital, that he experienced chest pain while eating a hotdog, not while he was performing his work activities. Sumner accordingly rejected the proposition that claimant's work activities were responsible for his myocardial infarction and instead attributed it to claimant's underlying coronary artery disease.
Alan Cohen, an internist who began treating claimant for atrial fibrillation in 2014, stated that claimant has hypertension, hypercholesterolemia and a history of smoking and came to him in March 2016 after experiencing nonexertional chest discomfort. He stated that claimant underwent a stress test, which was normal, and that he thought claimant's symptoms were gastrointestinal in origin. He visited claimant in the hospital, during which time claimant related that he was performing heavy work in a hot basement when he experienced chest pain and shortness of breath. Based upon claimant's description, Cohen opined that it was "possible" that claimant's work activities "might" have contributed to his myocardial infarction. He acknowledged, however, that claimant may have already developed a heart blockage in March 2016 that was not diagnosed.
Given Cohen's equivocal opinion on the cause of claimant's myocardial infarction, the Board was free to credit the opinion of Sumner and conclude that there was no causal relationship between the myocardial infarction and claimant's work activities. Indeed, "[i]t is well settled that the Board is vested with the discretion to assess the credibility of medical witnesses and its resolution of such issues is to be accorded great deference, particularly with respect to issues of causation" (Matter of Roberts v Waldbaum's, 98 AD3d 1211, 1211 [2012] [internal quotation marks and citation omitted]; see Matter of Cartafalsa v Zurich American Ins. Co., 175 AD3d at 1763). Substantial evidence therefore supports the Board's decision, and we decline to disturb it. We have considered claimant's remaining contentions and find them to be unavailing.
Lynch, J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: As claimant has not raised any arguments in his brief with respect to the Board's decision denying his application for reconsideration and/or full Board review, his appeal from such decision is deemed abandoned (see Matter of Zuniga v Aliah Home Care Inc., 183 AD3d 983, 984 n 1 [2020]; Matter of Perry v All American School Bus Corp., 181 AD3d 1113, 1114 n 2 [2020]).