Matter of Richman v New York State Workers' Compensation Bd. (2021 NY Slip Op 06412)





Matter of Richman v New York State Workers' Compensation Bd.


2021 NY Slip Op 06412


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

532391
[*1]In the Matter of the Claim of Rebecca Richman, Appellant,
v
New York State Workers' Compensation Board et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:October 19, 2021

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

John F. Clennan, Ronkonkoma, for Rebecca Richman, appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York State Workers' Compensation Board and another, respondents.



Reynolds Fitzgerald, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed May 5, 2020, which ruled, among other things, that claimant did not sustain a causally-related injury and denied her claim for workers' compensation benefits, (2) from an amended decision of said Board, filed July 14, 2020, which, among other things, clarified its May 5, 2020 decision, and (3) from a decision of said Board, filed September 22, 2020, which denied claimant's application for reconsideration and/or full Board review of its July 14, 2020 decision.
Claimant, a claims examiner, filed a claim for workers' compensation benefits on July 25, 2018, asserting that she sustained, among other injuries, a work-related injury to her right shoulder in a fall at work on January 19, 2018. Claimant first sought medical treatment on August 27, 2019, 19 months after the incident. The employer and its workers' compensation carrier controverted the claim contending, among other things, that there was no causal relationship between claimant's condition and her employment and that her condition was not the result of a compensable accident. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for a work-related injury to claimant's right shoulder. The Workers' Compensation Board issued a decision filed May 5, 2020 and an amended decision filed July 14, 2020 [FN1] reversing the WCLJ's decision, finding that claimant had failed to submit sufficient, credible medical evidence to demonstrate that she sustained a casually-related injury to her right shoulder at work. By decision filed September 22, 2020, the Board denied claimant's application for reconsideration and/or full Board review. Claimant appeals from all three Board decisions.
"Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Issayou v Issayuou Inc., 174 AD3d 1277, 1277 [2019] [internal quotation marks and citation omitted], lv denied 34 NY3d 909 [2020]; see Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1275-1276 [2020]). It was claimant's burden to establish, by competent medical evidence, the existence of a causal connection between her injury and her employment (see Matter of Rossi v Albert Pearlman Inc., 188 AD3d 1362, 1363 [2020]; Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d 1762, 1763 [2019]). The medical evidence must "signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Wen Liu v Division of Gen. Internal Medicine, Mount Sinai Sch. of Medicine, 186 AD3d 1770, 1771 [2020] [internal quotation marks and citation omitted], lv denied 36 NY3d 904 [2020]; see Matter of Rossi v Albert Pearlman Inc., 188 AD3d at 1363).
Contrary to claimant's contention, the Board's finding that she failed to submit sufficient, credible medical evidence to establish a casually[*2]-related injury is supported by substantial evidence (see Matter of Casey v United Ref. Co. of Pa., 194 AD3d 1300, 1301 [2021]). Claimant testified that she fell upon arrival at work while walking toward her desk, before any coworkers arrived, and did not seek any medical care for more than 19 months because she "was busy." She was using a walker or cane due to her preexisting injuries that caused an instability condition. Claimant filed a C-3 form seven months later, a delay she could not explain. To establish a causal relationship, claimant relied upon the office notes of, and workers' compensation forms completed by, her treating physician, John Reilly, who did not testify or submit a medical report.[FN2] According to Reilly's August and September 2019 office notes and forms, he diagnosed claimant with "primary osteoarthritis" to her right shoulder, "[r]ight shoulder pain with arthritis," "slight restriction" in rotation and "sprain of right rotator cuff capsule, subsequent encounter," noted "arthritic change" and "minimal degenerative change" and ruled out a fracture or dislocation. Reilly's brief notations merely establish that claimant reported a fall at work and do not describe the fall with any precision or explain how her diagnoses were caused by the fall. Although Reilly diagnosed arthritis and a degenerative condition, he did not state how or if the fall caused or exacerbated such conditions (compare Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1322-1323 [2018]).
"[T]he Board is vested with the discretion to assess the credibility of medical witnesses and its resolution of such issues is to be accorded great deference, particularly with respect to issues of causation" (Matter of Rossi v Albert Pearlman Inc., 188 AD3d at 1364 [internal quotation marks, brackets and citations omitted]). Given the limited evidence,[FN3] substantial evidence supports the Board's rejection of claimant's medical proof as insufficient and not credible, and its decision that claimant failed to establish a causal relationship will not be disturbed (see Matter of Wen Liu v Division of Gen. Internal Medicine, Mount Sinai Sch. of Medicine, 186 AD3d at 1772). We likewise discern no abuse of discretion in the Board's denial of claimant's application for reconsideration and/or full Board review (see Matter of Petre v Allied Devices Corp., 191 AD3d 1086, 1088 [2021], lv dismissed 37 NY3d 938 [2021]). We have considered claimant's remaining contentions and find them to be unavailing.
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the decisions and amended decision are affirmed, without costs.



Footnotes

Footnote 1: The Board's decisions are essentially identical except that the amended decision makes clear that the WCLJ's decision is reversed, rather than modified, and the claim is disallowed. The amended decision also denied claimant's application for full Board review of the Board's May 5, 2020 decision.

Footnote 2: In an earlier decision finding prima facie medical evidence, the WCLJ referred to a report from Reilly dated August 27, 2019, which appears to refer to the C-4 Doctor's Initial Report form.

Footnote 3: The WCLJ precluded the carrier from submitting an independent medical exam.