Matter of Minichino v Amazon.Com DEDC LLC (2022 NY Slip Op 02604)

Matter of Minichino v Amazon.Com DEDC LLC

2022 NY Slip Op 02604

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

533683
[*1]In the Matter of the Claim of Alexandra Minichino, Claimant,
v
Amazon.Com DEDC LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Cipriani & Werner, PC, Iselin, New Jersey (Marc Neuman of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed December 28, 2020, which ruled, among other things, that claimant sustained a causally-related injury to her cervical spine.
Claimant worked as a picker at the employer's fulfillment center, a task that required her to — in a single motion — squat, pull a box from her station, lift the box into a bin and push the bin down a chute. While working in that capacity on December 20, 2018, claimant lost feeling in, among other locations, her right arm and shoulder and sought treatment at the employer's onsite medical facility. Claimant subsequently filed a claim for workers' compensation benefits, contending that she had sustained an occupational/repetitive stress injury brought on by her years of pulling, pushing and carrying items for the employer. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) ultimately controverted the claim. Following a hearing, independent medical examinations and the depositions of various treatment providers, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, citing inconsistencies in the record as to the manner in which claimant's injuries allegedly occurred — specifically, whether claimant's injuries were attributable to an occupational disease or a specific accident. Upon administrative review, the Workers' Compensation Board modified the WCLJ's decision and ruled, among other things, that claimant sustained an accidental and causally-related injury to her cervical spine. This appeal by the carrier ensued.
To the extent that the carrier takes issue with the actual theory upon which the underlying claim is based, there is no dispute that claimant gave timely notice of her injury and, as the Board correctly observed, it may alter the theory upon which a claimant is deemed eligible for workers' compensation benefits, "including changing the theory of the claim from occupational disease to accidental injury" (Matter of Tames v New York Med. Coll., 27 AD3d 917, 918 [2006] [internal quotation marks and citation omitted]; see Matter of Leventer v Yeshiva of Flatbush, 257 AD2d 903, 904-905 [1999]; see also Matter of Connolly v Covanta Energy Corp., 172 AD3d 1839, 1840 [2019]). The carrier similarly argues — and the WCLJ found — that the inconsistencies in the record regarding the manner in which claimant's injuries occurred undermined her claim of an acute event. The Board, however, as the sole arbiter of witness credibility (see Matter of McAndrews v Buffalo Sewer Auth., 171 AD3d 1426, 1428 [2019]; Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1358 [2018]), was not bound by the WCLJ's determinations (see Matter of Restrepo v Plaza Motors of Brooklyn Inc., 181 AD3d 1108, 1110 [2020]; Matter of Aldea v Damari Installations Corp., 172 AD3d 1852, 1854 [2019]) and was free to both accept claimant's explanation for such inconsistencies and consider the merits of her [*2]claim for an accidental injury.
As to the substance of the underlying claim, "[w]hether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1357 [internal quotation marks and citations omitted]; accord Matter of Gaspard v Queens Party Hall Inc., 189 AD3d 1880, 1880 [2020], lv denied 36 NY3d 912 [2021]). In this regard, the claimant bears the burden of establishing that the subject injury arose out of and in the course of his or her employment (see Matter of Gaspard v Queens Party Hall Inc., 189 AD3d at 1880; Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d 1330, 1330 [2020]) and, further, must demonstrate, "by competent medical evidence, the existence of a causal connection between his or her injury and his or her employment" (Matter of Rossi v Albert Pearlman Inc., 188 AD3d 1362, 1363 [2020]; see Matter of Richman v New York State Workers' Compensation Bd., 199 AD3d 1216, 1217 [2021]). Such proof, in turn, "must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Wen Liu v Division of Gen. Internal Medicine, Mount Sinai Sch. of Medicine, 186 AD3d 1770, 1771 [2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 904 [2020]); see Matter of Lewandowski v Safeway Envtl. Corp., 190 AD3d 1072, 1076 [2021]).
Although claimant acknowledged that she previously had experienced pain while working for the employer, she testified that she suffered an acute injury on the day in question while picking packages at her workstation, and claimant's description of the underlying incident was consistent with the history that she provided to her treating physicians and the independent medical examiner. As noted previously, the Board credited claimant's explanation for mistakenly asserting a claim for an occupational disease, and the record as a whole supports the Board's finding that claimant's accident arose out of and in the course of her employment.
As to the issue of causal relationship, the record reflects that claimant was evaluated by various physicians, a physician assistant and an independent medical examiner between January 2019 and January 2020 — most of whom diagnosed claimant with, among other things, cervical strain with radiculopathy and opined that such condition was causally related to the December 2018 work accident. As noted by the Board, such opinions also were consistent with the results of the diagnostic studies performed. Although the independent medical examiner disagreed, believing instead that claimant displayed symptom magnification and finding no evidence of a causally-related disability, this conflict in the medical testimony presented a factual issue for the Board to resolve, and we defer to the Board's resolution thereof (see Matter of Kotok v Victoria's [*3]Secret, 181 AD3d 1146, 1147 [2020]; Matter of Tomaine v City of Poughkeepsie Police, 178 AD3d 1256, 1258 [2019]). In short, as the record supports the Board's finding that claimant sustained a causally-related injury to her cervical spine, the Board's decision is affirmed. The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.