Matter of Yearwood v Long Is. Univ. (2022 NY Slip Op 06524)

Matter of Yearwood v Long Is. Univ.

2022 NY Slip Op 06524

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

534130
[*1]In the Matter of the Claim of Trina Yearwood, Appellant,
v
Long Island University et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 18, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Schotter Millican, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden Park City (Brian M. Anson of counsel), for Long Island University and another, respondents.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed June 18, 2021, which disallowed claimant's claim for workers' compensation benefits.
Claimant, an associate university dean, sought treatment for complaints of bilateral wrist, hand and thumb pain and numbness on September 3, 2020, and her treating physician diagnosed her with causally-related occupational disease from repetitive stress and strain including bilateral carpal tunnel syndrome and bilateral wrist and hand derangement with traumatic tendonitis. Petitioner thereafter filed a claim for workers' compensation benefits asserting that, as a result of repetitive stress and strain, she had sustained an occupational disease involving bilateral hands, knees and shoulders. A Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant provided prima facie medical evidence of injuries to bilateral wrists, bilateral carpal tunnel syndrome and bilateral thumbs. An independent medical examination (hereinafter IME) was conducted at the behest of the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier), in which it was concluded that claimant had bilateral thumb sprains/strains and bilateral wrist and hand sprains/strains and recommended, among other things, EMG/NCS diagnostic tests to rule out carpal tunnel syndrome. A hearing was held at which claimant testified, disclosing for the first time on cross-examination that, in 2014, she had sought treatment for hand problems from another physician and had undergone an EMG test.
The WCLJ established the claim for an occupational disease involving bilateral wrists, carpal tunnel syndrome and thumbs, setting a date of disablement of September 3, 2020, the date claimant reported on this claim first seeking treatment. On the carrier's administrative appeal, the Workers' Compensation Board reversed the WCLJ's decision and disallowed the claim in its entirety, finding, based upon claimant's failure to report her treatment history to her treatment provider, the IME physician or the Board, that she had failed to satisfy her burden of submitting credible medical evidence demonstrating a causal connection between her proffered conditions and her current employment. Claimant appeals.
"It was claimant's burden to establish, by competent medical evidence, the existence of a causal connection between her injury and her employment" (Matter of Richman v New York State Workers' Compensation Bd., 199 AD3d 1216, 1217 [3d Dept 2021] [citations omitted]; see Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1205 [3d Dept 2022]). The medical evidence must "signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Wen Liu v Division of Gen. Internal Medicine, Mount Sinai Sch. of Medicine, 186 AD3d 1770, 1771 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 904 [2020]; accord Matter of Richman v New York [*2]State Workers' Compensation Bd., 199 AD3d at 1217). In evaluating medical evidence, the Board is not bound to accept the opinion of any expert but "may not totally reject uncontroverted medical testimony on the issue of causation and thereby fashion a medical opinion of its own" (Matter of Murphy v New York State Cts., 201 AD3d 1072, 1073 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Hughes v Mid Hudson Psychiatric Ctr., 197 AD3d 1376, 1378 [3d Dept 2021]). However, the Board is entitled to reject and discredit medical opinions as insufficient where, as here, it finds that they were not based upon an understanding of the claimant's relevant medical treatment history (see Matter of Sinelnik v AJK, Inc., 175 AD3d 1732, 1734 [3d Dept 2019]; Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1186 [3d Dept 2014]; Matter of Bailey v Binghamton Precast & Supply Corp., 103 AD3d 992, 994 [3d Dept 2013]; Matter of Jaquin v Community Covenant Church, 69 AD3d 998, 1000 [3d Dept 2010]; cf. Matter of Rodriguez v Coca Cola, 178 AD3d 1184, 1186-1187 [3d Dept 2019]).[FN1]
The medical reports of claimant's treatment provider, who did not testify, do not reflect that she disclosed her 2014 treatment for hand problems and diagnostic tests and no such history was noted under past medical history. The C-3 claim filed with the Board represents that there were no prior hand injuries. The IME report establishes that claimant declined to provide, among other things, any information regarding her medical or treatment history, prior injuries or accidents or occupational history and refused to complete the IME questionnaire, on which she added the notation "[a]s per attorney, not completing";[FN2] the IME physician did not testify. The Board expressed concern regarding claimant's complete omission of her 2014 treatment history, and found that her belated disclosure of that history on cross-examination "strongly called into question the veracity of [her] proffered history and onset of symptoms." Given its conclusion that claimant failed to disclose her relevant 2014 treatment history to either the Board or the medical providers, a conclusion fully supported by the record, the Board rationally concluded that "none of the relevant medical providers in the record possessed a sufficient understanding of . . . claimant's complete medical history to proffer a credible medical opinion on the issue of causal relationship." As such, contrary to claimant's contention, the Board's rejection of claimant's medical proof as insufficient and its finding that she failed to submit sufficient, credible medical evidence to establish a causally-related injury is supported by substantial evidence and will not be disturbed (see Matter of Richman v New York State Workers' Compensation Bd., 199 AD3d at 1218; Matter of Casey v United Ref. Co. of Pa., 194 AD3d 1300, 1301 [3d Dept 2021]).
Garry, P.J., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED [*3]that the decision is affirmed, with costs.

Footnotes

Footnote 1: Claimant's 2014 medical treatment records and EMG results were not admitted into evidence and are not part of the record before us.

Footnote 2: The carrier did not raise, and the Board did not address, the issue of whether claimant's omissions violated Workers' Compensation Law § 114-a (see e.g. Matter of Ali v New York City Dept. of Corr., 205 AD3d 1247, 1249 [3d Dept 2022]).