Matter of Brown v New York City Tr. Auth. (2023 NY Slip Op 03888)

Matter of Brown v New York City Tr. Auth.

2023 NY Slip Op 03888

Decided on July 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023

534608
[*1]In the Matter of the Claim of Tracey Brown, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed December 13, 2021, which ruled, among other things, that claimant did not sustain a causally-related psychological injury and disallowed her claim for workers' compensation benefits.
Claimant, a cleaner for the self-insured employer, filed a claim for workers' compensation benefits in June 2020, alleging that she suffered from anxiety and depression as a result of her exposure to COVID-19 at work and the alleged inadequate safety measures taken by the employer to protect employees. The employer controverted the claim. Claimant testified that she had been treated in 2019 for anxiety but that, between January 2020 and May 2020, she was no longer experiencing anxiety or taking medication for it. However, on May 31, 2020, claimant had an anxiety attack on her way to work and was thereafter unable to return to work. Claimant, who did not test positive for COVID-19 during the relevant time period, sought treatment from Eli Isaacson, a psychologist who evaluated her on August 20, 2020 and concluded that, as a result of the May 31, 2020 incident, she had a causally-related anxiety disorder and a major depressive disorder which rendered her temporarily totally disabled. Based upon Isaacson's report, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence for the diagnoses but, following a hearing at which claimant and a supervisor testified, the WCLJ disallowed the claim. The Workers' Compensation Board affirmed the WCLJ's decision, finding that claimant failed to demonstrate with credible medical evidence that there was a causal relationship between her psychological condition and her employment and, further, that she failed to establish that she experienced a compensable psychological injury due to work-related stress. Claimant appeals.
We affirm. "[A]s the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between her employment and the claimed disability" (Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1205 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Issayou v Issayuou Inc., 174 AD3d 1277, 1277 [3d Dept 2019], lv denied 34 NY3d 909 [2020]; see also Matter of Lemon v New York City Tr. Auth., 72 NY2d 324, 327 [1988]; Matter of Yearwood v Long Is. Univ., 210 AD3d 1256, 1257 [3d Dept 2022]; Matter of Reith v City of Albany, 200 AD3d 1460, 1462 [3d Dept 2021]). "In evaluating medical evidence, the Board is not bound to accept the opinion of any expert . . . [and] is entitled to reject and discredit medical opinions as insufficient where, as here, it finds that they were not based upon an understanding of the claimant's relevant medical treatment history" (Matter of Yearwood v Long Is. Univ., 210 AD3d at 1257). Ultimately, it is "[t]he Board [that] is empowered to determine the factual issue of whether a causal relationship exists based upon [*2]the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Blanch v Delta Air Lines, 204 AD3d at 1204 [internal quotation marks and citations omitted]).
The only medical evidence submitted was a report by Isaacson, who first evaluated claimant in August 2020.[FN1] Although claimant briefly testified that, from March 2019 until later that year, she received treatment with another medical provider for anxiety and that she told Isaacson about that treatment, she indicated that she had not provided those medical records to Isaacson and those records were not introduced into evidence. Claimant also testified that she experienced anxiety whenever she left her house, she rarely goes outside and she avoids being around people. The Board determined that Isaacson's opinion on causation lacked credibility and was insufficient to establish a causal relationship in that his report did not reflect that he had considered either claimant's prior treatment for anxiety or the anxiety she experienced outside of work. Upon review, we find that the Board's factual finding that claimant's medical proof was insufficient and that she failed to submit sufficient, credible medical evidence to establish a causally-related injury is supported by substantial evidence and will not be disturbed (see Matter of Yearwood v Long Is. Univ., 210 AD3d at 1258; Matter of Blanch v Delta Air Lines, 204 AD3d at 1206; Matter of Issayou v Issayuou Inc., 174 AD3d at 1279; see also Matter of Lemon v New York City Tr. Auth., 72 NY2d at 328; Matter of Reith v City of Albany, 200 AD3d at 1462). We have considered claimant's remaining contentions, to the extent they are preserved for our review, and find that they are without merit (see Matter of Matthews v New York City Tr. Auth., ___ AD3d ___, ___ [3d Dept 2023] [decided herewith]).
Lynch, J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The WCLJ determined that, by failing to timely pursue testimony, the employer had waived both cross-examination of Isaacson, who was not deposed, and an independent medical examination of claimant.