Matter of Tudor v Whitehall Cent. Sch. Dist. (2025 NY Slip Op 00811)

Matter of Tudor v Whitehall Cent. Sch. Dist.

2025 NY Slip Op 00811

Decided on February 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 13, 2025

CV-23-2329
[*1]In the Matter of the Claim of Angel A. Tudor, Appellant,
v
Whitehall Central School District et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 8, 2025

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Law Firm of Alex Dell, PLLC, Albany (Sarah M. Bennett of counsel), for appellant.
Walsh and Hacker, Albany (Jeffrey M. Fox of counsel), for Whitehall Central School District and another, respondents.

Clark, J.P.
Appeals (1) from a decision of the Workers' Compensation Board, filed November 15, 2023, which ruled, among other things, that claimant did not sustain a causally-related stroke and denied her claim for workers' compensation benefits, and (2) from a decision of said Board, filed February 1, 2024, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a teacher/grant writer for the employer, filed a claim for workers' compensation benefits contending that she suffered a stroke at home in April 2022 — an event allegedly precipitated by a verbal disagreement with her school principal some days earlier. The self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) controverted the claim raising, among other defenses, lack of a causal relationship. The claim initially was established for an occupational stroke and exacerbation of claimant's preexisting posttraumatic stress and anxiety but, following a hearing and the depositions of various treatment providers, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim. Upon claimant's administrative appeal, the Workers' Compensation Board affirmed. Claimant's subsequent application for reconsideration and/or full Board review was denied, prompting these appeals.
There is no question that "a viable claim in the event of a heart attack or stroke may be based on work-related stress even where the medical event occurs outside of normal work hours" (Matter of Loftus v New York News, 279 AD2d 657, 658 [3d Dept 2001] [internal citations omitted]; see Matter of Qualls v Bronx Dist. Attorney's Off., 146 AD3d 1213, 1214-1215 [3d Dept 2017], lv denied 29 NY3d 906 [2017]). "As the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between her employment and the claimed disability" (Matter of Brown v New York City Tr. Auth., 218 AD3d 967, 967 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d 1762, 1763 [3d Dept 2019]; Matter of Qualls v Bronx Dist. Attorney's Off., 146 AD3d at 1214). In this regard, "[t]he Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1204 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d at 1763). Although the medical opinions tendered with respect to causal relationship need not "be expressed with absolute or reasonable medical certainty, such proof nonetheless must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of DiPippo v Accurate Signs & Awnings, 231 [*2]AD3d 1213, 1214 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Reith v City of Albany, 200 AD3d 1460, 1462 [3d Dept 2021]).
In support of her claim that she suffered a causally-related stroke, claimant offered the testimony of her primary care physician and her therapist. Claimant's therapist candidly acknowledged that she could not speak to the cause of claimant's stroke. Although claimant's physician opined — in a September 2022 letter — that claimant's stroke "was caused by the excessive stress and emotional trauma she has had to endure while working for the [employer]," all of which caused her blood pressure to rise to "a crisis stage," he conceded at his subsequent deposition that he did not know what claimant's blood pressure readings may have been between her January 2022 office visit and her April 2022 stroke and agreed that any "spike" in claimant's blood pressure during that time period was based upon "supposition." When questioned as to whether there was a causal relationship between claimant's employment and her stroke, the physician replied, "All I can say [is] that if the employment was as stressful and as toxic as [claimant] believed it to be, then definitely that could have decompensated her blood pressure to the point where she may have suffered a stroke." However, claimant's physician also acknowledged, and the record likewise reflects, that claimant had multiple recognized risk factors for a stroke, including longstanding hypertension, hyperlipidemia and diabetes, as well as a history of a pack-a-day cigarette usage. Indeed, claimant's physician testified that a diagnosis of diabetes alone results in "a four-fold increase" in the risk of experiencing a cardiac or cerebral vascular event. Under these circumstances, and given claimant's multiple risk factors, substantial evidence supports the Board's finding that claimant's proof was insufficient to establish a causal connection between her employment and her stroke (see Matter of Wallen v Software Communication Sys. Inc., 157 AD3d 1143, 1145 [3d Dept 2018], lv denied 31 NY3d 906 [2018]; Matter of Qualls v Bronx Dist. Attorney's Off., 146 AD3d at 1214-1215).[FN1]
With respect to claimant's assertion that the stress resulting from the April 2022 incident exacerbated her preexisting psychological conditions, claimant again was required to demonstrate a causal relationship between her employment and the asserted injury and, further, "that the stress that caused the claimed psychological injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Anderson v City of Yonkers, 227 AD3d 63, 65 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; accord Matter of Gorbea v Verizon N.Y. Inc., 231 AD3d 1264, 1265 [3d Dept 2024]; see Matter of Issayou v Issayuou Inc., 174 AD3d 1277, 1279 [3d Dept 2019], lv denied 34 NY3d 909 [2020]). "Whether the stress experienced by a claimant is [*3]more than that normally encountered is a factual question for the Board to resolve, and its finding will not be disturbed when supported by substantial evidence" (Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [3d Dept 2018] [internal quotation marks and citations omitted], lv denied 33 NY3d 901 [2019]; see Matter of Spillers v Health & Hosp. Corp., 225 AD3d 1100, 1103 [3d Dept 2024]; Matter of Sakanovic v Utica Mut. Ins. Co., 219 AD3d 998, 999 [3d Dept 2023]). Although the WCLJ credited claimant's account of the April 2022 incident and deemed the encounter between claimant and her school principal to be confrontational, such a disagreement was not "an unusual, unexpected or extraordinary" event so as to constitute a workplace accident (Matter of Anderson v City of Yonkers, 227 AD3d at 68; see Matter of Sakanovic v Utica Mut. Ins. Co., 219 AD3d at 999). Thus, even taking into account claimant's "particular vulnerabilities" (Matter of Anderson v City of Yonkers, 227 at 68-69), substantial evidence supports the Board's finding that claimant's proof in this regard was insufficient to establish a compensable injury. Claimant's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Finally, with respect to claimant's application for reconsideration and/or full Board review, claimant needed to establish, as relevant here, "that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Villagil v Sauce Pizzeria III, LLC, 222 AD3d 1154, 1155-1156 [3d Dept 2023] [internal quotation marks and citations omitted]). Claimant expressly attributed both her stroke and the alleged exacerbation of her preexisting psychological conditions to a verbal disagreement with her school principal on April 14, 2022, and the Board's decision, in turn, squarely addressed both the physical and psychological injuries alleged to have occurred as a result of that incident. To the extent that claimant now contends that "[t]his claim is not premised solely on an incident [that] occurred on April 14, 2022" but, rather, upon the cumulative effect of the stress allegedly experienced while working for the employer, that assertion is belied by the C-3 form filed in this matter. Accordingly, we agree with the WCLJ and the Board that claimant's numerous lawsuits and grievances filed against the employer were not part of the instant workers' compensation claim. As we therefore find no merit to claimant's assertion that the Board failed to address the "entirety" of her claim, her application for reconsideration and/or full Board review was properly denied.
Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Contrary to claimant's assertion, the Board plainly disallowed this portion of the claim based upon a lack of causal relationship and did not erroneously apply the psychological injury standard to the physical injury, i.e., the stroke, that claimant sustained (compare Matter of Bordonaro v Genesee County Sheriff's Off., 148 AD3d 1507, 1509 n 2 [3d Dept 2017]).