Matter of Borrometi v Verizon (2026 NY Slip Op 01575)

Matter of Borrometi v Verizon

2026 NY Slip Op 01575

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CV-25-0804
[*1]In the Matter of the Claim of Gerardo Borrometi, Appellant,
vVerizon et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 9, 2026

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, Powers and Corcoran, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Jennifer K. Arcarola of counsel), for Verizon and another, respondents.

Powers, J.
Appeal from a decision of the Workers' Compensation Board, filed April 21, 2025, which ruled that claimant did not sustain a causally-related occupational disease and denied his claim for workers' compensation benefits.
Claimant, a cable splicer, stopped working in 2015 due to injuries that resulted in a successful application for workers' compensation benefits. In 2023, he filed a new claim for workers' compensation benefits alleging that he had developed carpal tunnel syndrome in both hands and wrists as the result of repetitive motion in the performance of his work duties. The employer and its workers' compensation carrier controverted the claim. Following the taking of deposition testimony from three physicians and a hearing where claimant testified, a Workers' Compensation Law Judge found that claimant had failed to establish a causally-related occupational disease and disallowed the claim. The Workers' Compensation Board agreed, and this appeal ensued.
We affirm. In order "[t]o be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d 1252, 1252 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Hill-Holley v Kings County Hosp., 227 AD3d 1327, 1328 [3d Dept 2024]; Matter of Seymour v American Stock Transfer & Trust Co., 205 AD3d 1271, 1272 [3d Dept 2022]). Notably, "such proof must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Bonet v New York City Tr. Auth., 205 AD3d 1287, 1288 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Spada v Keeler Constr. Co., 242 AD3d 1276, 1277 [3d Dept 2025]). Whether a medical condition constitutes an occupational disease presents a factual determination for the Board that will be upheld if supported by substantial evidence in the record, even if proof exists that could support a different result (see Matter of Hill-Holley v Kings County Hosp., 227 AD3d at 1328; Matter of Morgan v Kinray, Inc., 226 AD3d 1288, 1289-1290 [3d Dept 2024]; Matter of Nicholson v New York City Health & Hosps. Corp., 174 AD3d at 1252).
Here, although three physicians who treated and/or examined claimant opined that there was a causal relationship between his work and his wrist condition, the record reflects that each had significant gaps in their knowledge when it came to claimant's medical history, work history and work duties that called those opinions into question. For example, none of the physicians appeared to be fully aware that claimant had a prior established workers' compensation claim for injuries, including ones to his left wrist and hand, that caused him to stop working in 2015. Two of [*2]the three appeared to be unaware, in fact, that claimant had not worked at all since 2015. All three physicians further lacked information about either the specifics of claimant's work duties, his activities after he stopped working, or both. Additionally, none articulated how claimant's work duties caused the development of carpal tunnel syndrome eight years after he had stopped working.[FN1] The Board was free to reject this medical evidence of causality, which was far from compelling, and, given the resulting dearth of credible medical proof supporting the claim, "the Board's finding that claimant did not meet the requirements of an occupational disease is supported by substantial evidence" (Matter of Hill-Holley v Kings County Hosp., 227 AD3d at 1329; see Matter of Morgan v Kinray, Inc., 226 AD3d at 1291; Matter of Yearwood v Long Is. Univ., 210 AD3d 1256, 1258 [3d Dept 2022]; Matter of Patalan v PAL Envtl., 202 AD3d 1252, 1253 [3d Dept 2022]). To the extent that they are not addressed by the foregoing, claimant's arguments have been examined and are lacking in merit.
Clark, J.P., Reynolds Fitzgerald, Ceresia and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: With regard to the nearly decade-long gap between claimant stopping work and developing a condition purportedly related to his work duties, the only physician who was questioned about the delay acknowledged that it was unusual but offered no further explanation.