Matter of Kotok v Victoria's Secret (2020 NY Slip Op 01889)





Matter of Kotok v Victoria's Secret


2020 NY Slip Op 01889


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529769

[*1]In the Matter of the Claim of Brenda Kotok, Claimant,
v
Victoria's Secret, c/o Limited Brand, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ. 


Goldberg & Segalla, LLP, Buffalo (Cory A. DeCresenza of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 14, 2019, which ruled that claimant sustained a causally-related injury to her right ankle.
In March 2017, claimant, a sales specialist, was involved in an accident at work and, in May 2017, applied for workers' compensation benefits, alleging that she sustained injuries to her right foot and ankle when she slipped and fell on a flooded bathroom floor at work. The self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) controverted the claim, contending, among other things, that claimant's injury was not causally related. Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, established the claim for the right ankle. Upon review, the Workers' Compensation Board adopted the findings and decision of the WCLJ and affirmed. The employer appeals.
We affirm. "The Board is empowered to determine the factual issues of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1504 [2018]; accord Matter of Ellis v First Student, Inc., 174 AD3d 1243, 1243 [2019]; see Matter of Quigley v Concern for Ind. Living, 146 AD3d 1185, 1185 [2017]; Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1441 [2016]). "A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an injury and his or her employment" (Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d 1762, 1763 [2019] [internal quotation marks and citations omitted]; see Matter of Sbuttoni v FOJP Serv. Corp., 179 AD3d 1234, 1235 [2020]; Matter of Fox v Altmar-Parish-Williamstown Cent. Sch. Dist., 175 AD3d 1728, 1729 [2019]; Matter of Kinkhabwala v ADP Totalsource FL XIX Inc., 156 AD3d 1265, 1267 [2017]). "Furthermore, where conflicting medical opinions are presented on the issue of causality, the Board is vested with the authority to resolve the conflicts and deference is accorded to its credibility determinations" (Matter of Christensen-Mavrigiannakis v Nomura Sec. Intl., Inc., 175 AD3d 1748, 1752 [2019] [internal quotation marks, brackets and citations omitted]).
At the hearing, Alexandra Hernandez, who was claimant's store manager on the day of the incident, testified that claimant did not report an injury to her on March 25, 2017 and that she was not made aware of claimant's injury until December 2017. Although there had been prior floor-drain backups at the store, Hernandez denied that there was such a backup at the store during March 2017. Further, although claimant reported a septic backup to her at some point in time, Hernandez denied that claimant had reported such a condition to her on March 25, 2017. In contrast to the testimony offered by Hernandez, claimant provided a descriptive narrative of the March 25, 2017 accident: on that day, shortly after arriving at work, claimant went to use one of the single-person bathrooms in the store. Upon entering the bathroom, claimant flushed the toilet, at which time she observed "mosquitoes" exiting the floor drain, which started to bubble up and then overflow with green and brown septic water containing feces. Upon attempting to exit the bathroom, claimant slipped and fell, causing her to land on the top of the overflowing floor drain, strike the toilet with her right foot and twist her right ankle. Using her work radio, claimant called for help, informed her colleagues, including Hernandez, of the incident and returned to work with a limp and wet clothing. Claimant also testified that, on March 29, 2017, the pain in her ankle intensified after she was forced to run away from some men using drugs in her apartment building, who had chased her. On March 31, 2017, and again in April 2017, claimant sought and received medical treatment at an urgent care facility, where diagnostic testing, including an MRI, revealed a grade one sprain of claimant's right ankle and a torn talofibular ligament.
Dominic Cantanese, a podiatrist who examined claimant in December 2017 and reviewed her medical records, testified that an MRI of claimant's ankle revealed a grade one ankle sprain with a tear of the anterior talofibular ligament. Cantanese found claimant's ankle sprain to be causally related to the March 2017 accident at work, as the symptoms that claimant presented with were consistent with his findings upon examining claimant's ankle. Consistent with the conclusion reached by Cantanese, John Denton, an orthopedist who reviewed claimant's medical records and performed a May 2018 independent medical examination of claimant on behalf of the employer, diagnosed claimant with a resolving right ankle strain/sprain, with a history of a prior right foot injury, and also concluded that claimant's orthopedic disability was causally related to the March 2017 accident at work. According "great deference" to the Board's evaluation of the proof presented, "particularly with regard to [the] issue[] of causation" (Matter of Derouchie v Massena W.—WC—Smelter, 160 AD3d 1310, 1311 [2018]; see Matter of Turner v New York City Dept. of Juvenile Justice, 159 AD3d 1236, 1237 [2018]), we conclude that substantial evidence supports the Board's finding that claimant's injury to her right ankle is compensable and causally related (see Matter of Ellis v First Student, Inc., 174 AD3d at 1244-1245; Matter of Kinkhabwala v ADP Totalsource FL XIX Inc., 156 AD3d at 1266-1267). The employer's remaining contentions, to the extent not specifically addressed, have been considered and found to be without merit.
Lynch, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.