Matter of Sudnik v Pinnacle Envtl. Corp. (2021 NY Slip Op 00070)





Matter of Sudnik v Pinnacle Envtl. Corp.


2021 NY Slip Op 00070


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

530615

[*1]In the Matter of the Claim of Wieslaw Sudnik, Appellant,
v
Pinnacle Environmental Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Geoffrey Schotter, New York City, for appellant.
Law Offices of Burke, Conway & Stiefeld, White Plains (Michelle J. Piantadosi of counsel), for Pinnacle Environmental Corporation and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed June 27, 2019, which ruled that claimant did not sustain a causally-related disability and denied his claim for workers' compensation benefits.
Claimant, who was employed as an asbestos handler from 1999 to 2012, originally filed a claim for workers' compensation benefits in February 2014, contending that he had developed kidney cancer due to exposure to asbestos. Thereafter, in February 2017, claimant filed a separate claim for benefits, asserting that he had developed kidney cancer, posttraumatic stress disorder and depression as the result of his exposure to toxins while cleaning ventilation ducts in office buildings located near the World Trade Center site following the 2001 terrorist attacks. Following various proceedings, the February 2014 claim was disallowed, and the matter was continued for development of the record relative to claimant's February 2017 claim for renal cell carcinoma. Relying upon the deposition testimony of claimant's treating physician, a Workers' Compensation Law Judge ruled that claimant's renal cancer was causally related to the work he performed near the World Trade Center site and established the claim. The employer's workers' compensation carrier sought administrative review contending, insofar as is relevant here, that there was insufficient proof of a causally-related disability. The Workers' Compensation Board agreed and disallowed the claim, prompting this appeal.[FN1]
We affirm. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Kotok v Victoria's Secret, 181 AD3d 1146, 1146 [2020] [internal quotation marks and citations omitted]; accord Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d 1762, 1763 [2019]; Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d 1391, 1392 [2018]). "As the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between his employment and the claimed disability" (Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d 1391 at 1392 [citations omitted]; see Matter of Kotok v Victoria's Secret, 181 AD3d at 1147; Matter of Ellis v First Student, Inc., 174 AD3d 1243, 1243 [2019]). Such proof "must signify a probability of the underlying cause that is supported by a rational basis and must not be based upon a general expression of possibility" (Matter of Ellis v First Student, Inc., 174 AD3d at 1243; accord Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d at 1763; see Matter of Wen Liu v Division of Gen. Internal Medicine, Mount Sinai Sch. of Medicine, 186 AD3d 1770, 1771 [2020], lv denied ___ NY3d ___ [Dec. 22, 2020]).
The record reflects that claimant was employed as an asbestos handler for approximately 13 years and performed cleaning [*2]operations in office buildings located near the World Trade Center site for approximately six weeks. According to claimant, he always wore protective clothing while performing asbestos-related work, but he was not provided with a mask or any protective clothing while working near the World Trade Center site. Claimant's treating physician, Olga Gruscinska, testified that claimant's renal cell carcinoma was causally related to his work near the World Trade Center site, but — as the Board aptly observed — Gruscinska failed to articulate the factual basis for or otherwise substantiate her opinion in this regard. Despite acknowledging that claimant had a significant history of asbestos exposure, that he was a pack-a-day smoker for approximately 15 years and that smoking was one of the leading causes of claimant's particular type of cancer, Gruscinska testified that she did not rule out either claimant's history of smoking or his longstanding exposure to asbestos as possible causes of his metastatic renal cancer. Rather, without elaboration, Gruscinska simply insisted that claimant's cancer was attributable to his work near the World Trade Center site and that his shortness of breath and pleural plaque were the result of his exposure to asbestos. Given the deficiencies in Gruscinska's testimony, and absent any elaboration as to the basis for her opinion, we cannot fault the Board for failing to credit it (see Matter of Glowczynski v Suburban Restoration Co., Inc., 174 AD3d 1236, 1238 [2019]).
Similarly, to the extent that the Board considered the report filed by Carl Friedman, who performed an independent examination of claimant in the context of claimant's earlier workers' compensation claim, we agree that such report fell short of establishing the requisite causal connection. Although Friedman noted that "[a] direct association with both asbestos exposure and the World Trade Center exposure to carcinogens cannot be denied as causing the renal cell carcinoma of [claimant's] right kidney with associated metastasis," the bulk of Friedman's report focused on claimant's extensive exposure to asbestos. Indeed, Friedman seems to have largely attributed his opinion on causation to the "Zadroga Law" (see James Zadroga 9/11 Health and Compensation Act of 2010, Pub Law 111-347, 124 Stat 3623 [2011]), noting generally that, consistent with the provisions of that enactment, "the development of kidney cancer can come out of exposure at 9/11."
Contrary to claimant's assertions, the Board did not make up any facts, nor were contrary medical opinions required to disprove claimant's case. Claimant bore the burden of demonstrating causal relationship through medical proof. The Board exercised its authority over credibility determinations to conclude that neither Gruscinska nor Friedman adequately supported her or his opinion on causality. Without any initial proof on that issue, no contrary medical proof was needed. As claimant failed to discharge his burden [*3]of demonstrating a causal relationship between his employment and his disability, the Board's decision disallowing the claim is supported by substantial evidence and will not be disturbed (see e.g. Matter of Smith v Rochester-Genesee Regional Transp. Auth., 174 AD3d 1264, 1267 [2019]; Matter of Glowczynski v Suburban Restoration Co., Inc., 174 AD3d at 1238; Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d at 1394). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Contrary to the carrier's assertion, claimant's appeal was timely perfected pursuant to the May 22, 2020 order of the Presiding Justice.