Matter of Martinez v RNC Indus., LLC (2023 NY Slip Op 00905)

Matter of Martinez v RNC Indus., LLC

2023 NY Slip Op 00905

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

534955
[*1]In the Matter of the Claim of Victor Martinez, Respondent,
v
RNC Industries, LLC, et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Goldberg Segalla LLP, Rochester (Lauren E. Palermo of counsel), for appellants.
Law Offices of Klee Woolf Goldman & Filpi LLP, Mineola (Sarah L. Baia of counsel), for Victor Martinez, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed August 20, 2021, which amended the claim to include injuries to claimant's neck and back.
On November 11, 2020, claimant, a construction worker, was injured when his right hand was caught between a cantilever pin and a concrete post while securing a cantilever platform. He thereafter applied for workers' compensation benefits, citing injuries to his right shoulder, right wrist, right hand, neck and back. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for injuries to claimant's right forearm and wrist, but disallowed the claim for injuries to claimant's neck and back. Upon review, the Workers' Compensation Board modified the WCLJ's determination, amending the claim to include injuries to claimant's neck and back. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.
"The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Sudnik v Pinnacle Envtl. Corp., 190 AD3d 1067, 1068 [3d Dept 2021] [internal quotation marks and citations omitted]). "As the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between his employment and the claimed disability" (Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d 1391, 1392 [3d Dept 2018] [citations omitted]; see Matter of Hanley v Trustees of Columbia Univ., 189 AD3d 1847, 1847 [3d Dept 2020]). Such evidence "must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Richman v New York State Workers' Compensation Bd., 199 AD3d 1216, 1217 [3d Dept 2021] [internal quotation marks and citations omitted]). "Moreover, the Board is vested with the discretion to assess the credibility of medical witnesses, and its resolution of such issues is to be accorded great deference, particularly with regard to issues of causation" (Matter of Allen v CPP-Syracuse, Inc., 194 AD3d 1278, 1279 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Guna v Delta Airlines, Inc., 202 AD3d 1190, 1191 [3d Dept 2022]).
Claimant testified that a crane operator was raising the platform between floors at a construction site when his right hand got caught between a platform pin and a concrete column. Claimant testified that the platform continued to move, causing pain in his hand and his body to stretch out. According to claimant, as he was being stretched out and was attempting to stop the platform from moving and free his hand, he injured his neck and back. In support of his claim, claimant presented the report and testimony of his treating orthopedist. The orthopedist opined in his report that claimant suffered causally[*2]-related cervical and lumbar strains and an injury to his right wrist when he was attempting to hold up scaffolding that was falling. When questioned during his testimony as to the discrepancy between his rendition of claimant's accident and claimant's report of his right arm being caught between the platform and a column, the orthopedist testified that claimant's rendition sounded familiar and that he was "guilty of not putting every single detail related" by claimant concerning the accident in his notes. The orthopedist further testified that claimant's injuries are consistent with someone jerking the body to get a hand out of a pinned position and that, under either scenario, claimant's injuries to his neck and back were causally-related to the November 2020 accident.
Deferring to the Board's assessment of the credibility of medical opinions, substantial evidence supports its decision to amend the claim to include injuries to claimant's neck and back (see Matter of Allen v CPP-Syracuse, Inc., 194 AD3d at 1281; Matter of Kotok v Victoria's Secret, 181 AD3d 1146, 1148 [3d Dept 2020]). Although the carrier contends that certain evidence in the record that claimant did not complain of pain to his neck or back on the day of the accident to coworkers or to urgent care providers undermines his claim of causally-related injuries to these areas, the Board noted in its decision that claimant testified that he felt pain in his neck and back at the time of the accident and that he reported the pain that day to both the employer and the medical provider at urgent care. Notably, the Board is not bound by the credibility determinations of the WCLJ and is entitled to make its own factual findings in this regard (see Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d 1289, 1290 [3d Dept 2022]), which it clearly did. The carrier's remaining contentions have been considered and found to be either academic in light of our decision herein or without merit.
Garry, P.J., Clark, Reynolds Fitzgerald, McShan, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.