Matter of Bonitto v Vivid Mech. LLC (2024 NY Slip Op 04852)

Matter of Bonitto v Vivid Mech. LLC

2024 NY Slip Op 04852

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

CV-23-0192
[*1]In the Matter of the Claim of Okang Bonitto, Claimant,
v
Vivid Mechanical LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed December 28, 2022, which ruled, among other things, that claimant sustained a causally-related injury and awarded workers' compensation benefits.
In July 2021, claimant, a mechanic pipefitter, was injured while standing on a ladder repairing an HVAC system. Upon opening up the union on a bypass of a hot water pipe, hot steam was released along with an unfamiliar smell. Soon after, claimant felt unwell, he experienced difficulty breathing and was transported to a hospital where he underwent surgery for a complete right pneumothorax or collapsed lung. Claimant subsequently filed a claim for workers' compensation benefits alleging that his respiratory condition was caused by inhaling fumes at work. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, contending that the injury was not causally-related because claimant was a smoker and was not on the worksite when his lung collapsed. Following hearings [FN1] and the submission of medical reports from claimant's treating physicians, as well as the carrier's consultant who performed a medical records review, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that the relevant medical evidence did not support a causal relationship. Upon administrative review, the Workers' Compensation Board reversed the decision of the WCLJ and established the claim for pneumothorax, ruling that both of claimant's treating physicians clearly and persuasively opined that claimant's injuries were causally-related to the accident at work. Insofar as the carrier had previously requested preclusion of certain medical reports filed by claimant's physicians who failed to appear for scheduled depositions and upon which the Board relied in establishing the claim, the Board also ruled, among other things, that "the record lacks evidence [that] the carrier made a reasonable effort to find a mutually agreeable date for the depositions as they were directed to do." The carrier appeals.
We affirm. "The Board is empowered to determine the factual issues of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Kotok v Victoria's Secret, 181 AD3d 1146, 1146 [3d Dept 2020] [internal quotation marks and citations omitted]; see e.g. Matter of Kinkhabwala v TotalSource FL XIX Inc., 156 AD3d 1265, 1267 [3d Dept 2017]). "A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an injury and his or her employment" (Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d 1762, 1763 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d 1289, 1291 [3d Dept 2022]). "Furthermore, where conflicting medical opinions are presented on the issue of causality, the Board is vested [*2]with the authority to resolve the conflicts and deference is accorded to its credibility determinations" (Matter of Kotok v Victoria's Secret, 181 AD3d at 1146 [internal quotation marks and citations omitted]).
The hearing testimony reflects that, prior to the accident, claimant was working on a ladder for about 30 minutes to an hour and that it was very hot in the mechanical room in which he was working. After opening up the at-issue pipe and being exposed to the fumes that escaped, which caused claimant to experience chest pains while still standing on the ladder, he used an elevator to go outside for fresh air but felt worse and suspected that he was going to pass out. Claimant then called 911 for an ambulance, which transported him to a hospital. At the hospital, claimant continued to experience distress, and records from the emergency room reflect that claimant, who denied any recent history of asthma or an exacerbation of any such condition, reported that he inhaled some kind of chemical or gas when he opened the pipe. Claimant was diagnosed with primary spontaneous pneumothorax, which required surgical insertion of a chest tube and subsequent surgery for a persistent air leak.
On November 4, 2021, claimant's treating physicians, Deborah Akinsilo and John Meyer, examined claimant, and claimant reported to Akinsilo that, on the day of the incident, claimant observed an "odd strong fume" that was a smell that he had not previously encountered and which caused him to cough. Claimant also indicated that, upon opening the subject pipe, heat was expelled, and claimant immediately began to feel shortness of breath. Claimant went outside to get fresh air but continued to have difficulty breathing, prompting his transportation to the hospital. Based upon her examination of claimant, as well as claimant's narrative of the incident, Akinsilo concluded, among other things, that claimant's pneumothorax was, to a reasonable degree of medical certainty, causally-related to claimant's work duties and reported exposure. Meyer reviewed and discussed her findings with Akinsilo, after which Meyer — consistent with Akinsilo's conclusions — indicated that claimant presented with no prior history of respiratory pathology and that claimant's condition was caused by the work-related exposure to fumes, as claimant's "abrupt pneumothorax at work [was] concomitant with inhalation triggers." "According great deference to the Board's evaluation of the proof presented" (Matter of Kotok v Victoria's Secret, 181 AD3d at 1148 [internal quotation marks and citation omitted]), particularly with regard to the issue of causation and the Board's finding in that regard that claimant's prompt emergency medical treatment following the inhalation of the fumes provides a strong indicia of credibility to this claim, we conclude that substantial evidence supports the Board's determination to establish the claim for pneumothorax (see Matter of Derouchie v Massena W.-WC-Smelter, 160 AD3d [*3]1310, 1312 [3d Dept 2018]; Matter of Kinkhabwala v ADP Totalsource FL XIX Inc., 156 AD3d at 1266-1267).
Finally, the carrier challenges the Board's refusal to preclude certain medical reports submitted by claimant's treating physicians because the carrier was not afforded an opportunity to cross-examine those two physicians, each of whom failed to appear at depositions scheduled for March 24 and 25, 2022. Irrespective of whether the subpoenas for those depositions provided sufficient notice to those physicians, the carrier never sought an adjournment and/or extension prior to the March 26, 2022 deadline set by the WCLJ to obtain the physicians' testimony (see 12 NYCRR 300.10 [c]; Matter of Pistone v Sam's Club, 295 AD2d 875, 875 [3d Dept 2002]), and did not demonstrate any additional efforts to find a mutually agreeable date for obtaining their deposition testimony as the carrier was directed by the WCLJ to do. Accordingly, we discern no abuse of discretion in the Board's refusal to preclude the subject medical reports submitted by claimant's physicians (see 12 NYCRR 300.10; cf. Matter of Narine v Two Bros. for Wholesale Chicken, Inc., 198 AD3d 1040, 1044 [3d Dept 2021]; Matter of Murtha v Verizon N.Y. Inc., 161 AD3d 1440, 1442-1443 [3d Dept 2018]; Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1277 [3d Dept 2016]; compare Matter of Carr v Cairo Fire Dist., 80 AD3d 810, 812 [3d Dept 2011]). To the extent that any of the carrier's remaining contentions are not rendered academic by our decision, they have been considered and found to be without merit.
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: At an April 1, 2022 hearing, the carrier sought the preclusion of medical reports from two of claimant's treating physicians who failed to appear for scheduled depositions.