Matter of Arce v Schear Constr., LLC (2024 NY Slip Op 05618)

Matter of Arce v Schear Constr., LLC

2024 NY Slip Op 05618

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-1830
[*1]In the Matter of Cesar Arce, Respondent,
v
Schear Construction, LLC, et al, Appellants. Workers' Compensation Board, Respondent.

Calendar Date:October 7, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and McShan, JJ.

Lois Law Firm LLC, New York City (Addison O'Donnell of counsel), for appellants.
The Garcia Law Firm, PC, New York City (Kenneth J. Gorman, New York City, of counsel), for Cesar Arce, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed September 20, 2023, which ruled, among other things, that claimant sustained causally-related injuries to his head, neck, back, left shoulder and both legs.
Claimant filed a claim for workers' compensation benefits alleging that he sustained injuries to his head, neck, back, left shoulder and both knees while he and a coworker were installing sheetrock on a ceiling for the employer. The employer, its workers' compensation carrier and the third-party administrator (hereinafter collectively referred to as the carrier) controverted the claim raising, among other issues, lack of a causal relationship. Following a hearing and the deposition of claimant's treating physician, a Workers' Compensation Law Judge disallowed the claim, finding claimant's testimony incredible because parts of it were inconsistent with statements in the verified complaint filed on claimant's behalf in a third-party action. Upon claimant's administrative appeal, the Workers' Compensation Board reversed and established the claim. This appeal by the carrier ensued.
We affirm.[FN1] "As the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between his employment and the claimed disability" (Matter of Sudnik v Pinnacle Envtl. Corp., 190 AD3d 1067, 1068 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Martinez v RNC Indus., LLC, 213 AD3d 1109, 1110 [3d Dept 2023]; see Matter of Hanley v Trustees of Columbia Univ., 189 AD3d 1847, 1847 [3d Dept 2020]). The Board, in turn, "is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Kotok v Victoria's Secret, 181 AD3d 1146, 1146 [3d Dept 2020] [internal quotation marks and citation omitted]; accord Matter of Brown v Van Liner Ins. Co., 227 AD3d 1331, 1333 [3d Dept 2024]; Matter of Sudnik v Pinnacle Envtl. Corp., 190 AD3d at 1068). In this regard, "the Board is the sole and final judge of witness credibility, and it alone can evaluate the factors relevant to determining whether the testimony of a party or witness is worthy of belief" (Matter of Leon v Structure Tech N.Y., Inc., 225 AD3d 1071, 1072 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). Relatedly, "the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Zeltman v Infinigy Eng'g, PLLC, 211 AD3d 1280, 1284 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Salas v Tom Cat Bakery, Inc., 193 AD3d 1225, 1227 [3d Dept 2021]).
The crux of the carrier's argument upon appeal is that claimant's inconsistent accounts of the accident render his testimony unworthy of belief and undermine the factual basis for a [*2]finding of causal relationship. We disagree. The record reflects that claimant's accident occurred on his third day of work with the employer while he and his coworker were installing a panel of sheetrock overhead. Claimant was standing on the fourth rung of a stepladder, and his coworker was standing on top of an inverted bucket. When the panel of sheetrock broke and the bucket tipped, claimant's coworker fell — taking claimant with him. Claimant testified that the sheetrock panel struck him in the head, neck and shoulder and that he fell to the ground injuring his knees and twisting his back. As the Board observed, claimant's account of the accident was consistent with the testimony offered by his coworker, the C-3 form and the document denominated as the accident report, as well as the history given to various medical providers, including emergency room personnel and his treating physician. To the extent that claimant's descriptions of the incident were at variance with the third-party complaint, the Board considered the inconsistency and credited claimant's hearing testimony — a credibility determination that lies solely within the province of the Board (see Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d 1289, 1291 [3d Dept 2022]). "[A]ccording great deference to the Board's evaluation of the proof presented, particularly with regard to the issue of causation" (Matter of Brown v Van Liner Ins. Co., 227 AD3d at 1334 [internal quotation marks and citations omitted]), substantial evidence supports the Board's decision. The carrier's remaining contentions have been examined and found to be without merit.
Egan Jr., J.P., Pritzker, Lynch and McShan, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.

Footnotes

Footnote 1: Preliminarily, there is no dispute that the presumptions of Workers' Compensation Law § 21 do not apply as the accident was witnessed by and involved a coworker, and the Board's determination was based upon the testimony adduced at the hearing (see Matter of Petesic v Fox 5 N.Y., 174 AD3d 1198, 1199 [3d Dept 2019]; Matter of Barth v Hanson Aggregates, Inc., 57 AD3d 1042, 1043 [3d Dept 2008]).