Matter of Gunness v Prime Piping & Heating Inc. (2025 NY Slip Op 00133)

Matter of Gunness v Prime Piping & Heating Inc.

2025 NY Slip Op 00133

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

CV-23-1834
[*1]In the Matter of the Claim of Arnold Gunness, Appellant,
v
Prime Piping & Heating Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:December 11, 2024

Before:Garry, P.J., Lynch, Fisher, Powers and Mackey, JJ.

The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York City (Jeremy M. Buchalski of counsel), for Prime Piping & Heating Inc., respondent.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed April 11, 2023, which ruled that claimant did not sustain causally-related injuries to his neck, back and left knee and denied his claim for workers' compensation benefits.
Claimant filed a claim for workers' compensation benefits alleging that he was injured at work in June 2020 when a brick fell on his right foot while he was installing pipes in a ceiling, causing injuries including a right foot fracture that required surgery, which was performed in July 2021 by David Mandil, a podiatrist. Claimant's right foot injury was treated by podiatrists, among other physicians, and that claim was later established. In October 2020, claimant filed a second claim stemming from that incident, now alleging that a "large piece of concrete fell onto [his] foot" which additionally caused injuries to other parts of his body, including pain in his neck, back and left knee "[a]s a result of [his] altered gait and cane usage." Claimant was first treated for pain in his neck, back and left knee on October 26, 2020 by Farhana Ahmed, a physiatrist, who made various diagnoses related to those additional body parts, concluding and later testifying that those injuries were causally-related to the June 2020 incident. Between February 2021 and January 2022, claimant underwent three medical examinations by Teresa Habacker, an orthopedic surgeon retained by the employer's workers' compensation carrier, to whom he first reported that, when the concrete slab fell on his foot, he also struck his left knee against the ladder on which he was standing. In addition to the right foot fracture, Habacker diagnosed claimant with back, neck and left knee pain but, given claimant's four-month gap in seeking any treatment for those additional body parts and his failure to explain how those injuries were sustained and when the pain started, she was not able to establish a causal connection between the June 2020 incident and those conditions.[FN1]
Following a hearing at which Mandil, Ahmed and Habacker testified, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant failed to establish a causal connection between the June 2020 incident and his neck, back and left knee injuries. The WCLJ found, among other things, that Ahmed's opinion on causal relationship was not persuasive as claimant never described how his neck, back and left knee were injured in this incident and Ahmed did not know what actually occurred, i.e., the mechanism of injury to those body parts. The WCLJ disregarded Mandil's opinion on causal relationship with regard to claimant's neck, back and left knee as outside of his podiatry specialty. The Workers' Compensation Board affirmed, agreeing that claimant failed to submit credible medical evidence establishing a causal relationship and further found that claimant was not credible in that he had provided inconsistent accounts to medical providers of how the injuries to these additional body parts [*2]had occurred. Claimant appeals.
We affirm. "The Board is empowered to determine the factual issues of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Bonitto v Vivid Mech. LLC, 231 AD3d 1222, 1223 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). It is claimant's "burden of establishing, by competent medical evidence, a causal relationship between an injury and his or her employment" and where, as here, "conflicting medical opinions are presented on the issue of causality, the Board is vested with the authority to resolve the conflicts and deference is accorded to its credibility determinations" (id. [internal quotation marks and citations omitted]). Moreover, "a medical opinion on the issue of causation must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of DeWolf v Wayne County, 228 AD3d 1218, 1218-1219 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Martinez v RNC Indus., LLC, 213 AD3d 1109, 1110 [3d Dept 2023]).[FN2]
For the reasons cited by the Board, we conclude that it "acted within its authority in rejecting claimant's medical evidence of a causal relationship" (Matter of DeWolf v Wayne County, 228 AD3d at 1220). With regard to Mandil, he acknowledged that his examination of claimant focused on the foot and ankle, that he did not examine the other injured body parts, and that injuries to the neck, back and knee were "outside [of his] specialty." As such, the WCLJ and Board correctly determined that Mandil was unable to offer competent medical evidence regarding the causal relationship between the body parts in issue and the incident (see Matter of Bond v New York City Health & Hosp. Corp., 213 AD3d 1090, 1092-1093 [3d Dept 2023]; Matter of Hughes v Ferreira Constr. Co., Inc., 191 AD3d 1053, 1055-1056 & n 1 [3d Dept 2021]). Habacker was unable to offer an opinion of a causal connection. Although Ahmed, who first examined claimant four months after the incident, offered various diagnoses for his neck, back and left knee, and opined that they were causally-related, this opinion was based upon claimant's subjective complaints of pain (with an onset on the day of the incident), and his representation that he had no prior injuries to those body parts; it was not based upon an understanding of how the accident or injuries occurred, including whether claimant's neck, back or left knee were impacted by a falling object or how the concrete falling on his right foot caused injury to the other body parts. As the Board noted, the medical opinions and records were based upon claimant's incomplete or inconsistent descriptions of the manner in which he was injured, and those accounts were not credible (see Matter of Flores v Millenium Servs., LLC, 215 AD3d 1146, 1148 [3d Dept 2023]).
Notably, "[i]n assessing the testimony [*3]and evidence presented, the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (id. [internal quotation marks and citations omitted]; see Matter of Martinez v RNC Indus., LLC, 213 AD3d at 1110). The Board "was entitled to reject claimant's medical evidence even though there was no other medical evidence presented on the issue of causation" (Matter of DeWolf v Wayne County, 228 AD3d at 1220). Given the noted limitations in Ahmed's medical opinion and the other medical opinions and proof, the Board was justified in finding that claimant failed to offer a competent medical opinion on the issue of causation that "signif[ied] a probability as to the underlying cause of [his] injur[ies] which is supported by a rational basis" (id. at 1218-1219 [internal quotation marks and citations omitted]; see Matter of Martinez v RNC Indus., LLC, 213 AD3d at 1110). Accordingly, the Board's decision to disallow the claim for injuries to the neck, back and left knee is supported by substantial evidence and will not be disturbed.
Garry, P.J., Lynch, Powers and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Habacker testified that, with regard to her final examination of claimant, she was not asked to provide and did not offer an opinion as to causal relationship relative to the additional body parts.

Footnote 2: "To the extent that claimant relies upon the presumption of compensability set forth in Workers' Compensation Law § 21, such presumption does not entirely relieve a claimant from the burden of establishing that his or her injury exists or that it arose out of and in the course of the claimant's employment" and "the statute is inapplicable inasmuch as the determination as to causal relationship, or the lack thereof, in this matter was not based upon the presumption contained therein but, instead, upon the medical evidence and testimony adduced as part of the underlying hearing" (Matter of Aungst v Family Dollar, 221 AD3d 1222, 1224 n 2 [3d Dept 2023] [internal quotation marks, brackets and citations omitted], lv granted 41 NY3d 908 [2024]).