Matter of Howard v New York City Dept. of Educ. (2025 NY Slip Op 06940)

Matter of Howard v New York City Dept. of Educ.

2025 NY Slip Op 06940

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-24-1279
[*1]In the Matter of the Claim of Michael Howard, Appellant,
vNew York City Department of Education et al, Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 13, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York City (Josh Lieberson of counsel), for New York City Department of Education and another, respondents.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed July 3, 2024, which denied claimant's request to amend his claim to include bilateral carpal tunnel syndrome.
In May 2018, claimant sustained various injuries when he was assaulted while at work, and his subsequent claim for workers' compensation benefits was established for a work-related injury to the neck, back, face, nose, right shoulder, chest, right thigh, right knee, right inguinal hernia, left shoulder and left hip. The claim was later amended to include postconcussion syndrome and injuries to the head, posttraumatic stress disorder, pain disorder and depression. In March 2021, Ranga Krishna, claimant's treating physician, reported claimant's complaints of severe pain in bilateral hands/wrists and found that claimant's clinical features are consistent with bilateral carpal tunnel syndrome resulting from the May 2018 work-related accident. Given Krishna's medical report and findings, claimant sought to amend the claim to include bilateral carpal tunnel syndrome.[FN1] Thereafter, in May 2023, the carrier's consultant, who performed a medical examination of claimant, diagnosed claimant with bilateral wrist sprain but found that claimant did not have causally related carpal tunnel syndrome. Following depositions of the examining physicians and a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) credited the findings of the carrier's consultant and denied claimant's request to amend the claim to include bilateral carpal tunnel syndrome as a direct injury. Upon administrative review, the Workers' Compensation Board affirmed, finding that there was insufficient credible evidence to establish causation for bilateral carpal tunnel syndrome as a direct injury. Claimant appeals.
Claimant contends that the Board erred in denying his request to amend the claim to include bilateral carpal tunnel syndrome. We disagree. "[T]he Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Brown v Van Liner Ins. Co., 227 AD3d 1331, 1333 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Flores v Millennium Servs., LLC, 215 AD3d 1146, 1147 [3d Dept 2023]; Matter of Brennan v Village of Johnson City, 213 AD3d 1058, 1059 [3d Dept 2023]). "A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an injury and his or her employment" (Matter of Maldonado v Doria, Inc., 192 AD3d 1247, 1248 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1205 [3d Dept 2022]). Further, "the Board is vested with the discretion to assess the credibility of medical witnesses, and its resolution of such issues is to be accorded great deference, particularly with regard to issues of causation" (Matter of Martinez v RNC Indus[*2]., LLC, 213 AD3d 1109, 1110 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Guna v Delta Airlines, Inc., 202 AD3d 1190, 1191 [3d Dept 2022]; see Matter of Brennan v Village of Johnson City, 213 AD3d at 1060).
The carrier's consultant, who reviewed claimant's medical history and examined claimant in May 2021 and May 2023, testified, consistent with his medical report, that he diagnosed claimant with bilateral wrist sprain in May 2023 but that he did not think this condition was causally related to the underlying accident that occurred five years prior.[FN2] The carrier's consultant explained that claimant had EMG testing, which confirmed "some signs of sensory change with respect to the carpal tunnel, but [claimant] had no corroborative clinical finding that would substantiate" a diagnosis of carpal tunnel syndrome. The carrier's consultant further explained that there was no basis for classifying claimant's bilateral wrist sprain as carpal tunnel syndrome because such diagnosis is based upon clinical symptomology, clinical examination and diagnostic testing, and claimant had "no clinical symptomology associated with the findings that were found on [the] EMG." Although claimant reported bilateral wrist pain in 2021 to his treating physician, who conducted an EMG nerve conduction study in 2022 and found claimant's mild bilateral carpal tunnel syndrome to be causally related to the underlying accident in 2018, the physician did not, as found by the Board, explain how this condition was causally related based upon the EMG study conducted four years after the underlying accident. In view of the foregoing, and according deference to the Board's assessments of credibility and the inferences to be drawn from conflicting medical testimony, we find that substantial evidence in the record supports its decision to deny claimant's request to amend his claim in the manner sought (see Matter of Brown v Laboratory Corp. of Am., 222 AD3d 1127, 1131-1132 [3d Dept 2023]; Matter of Flores v Millennium Servs., LLC, 215 AD3d at 1148; Matter of Blanch v Delta Air Lines, 204 AD3d at 1206).
Clark, J.P., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Board found that Krishna's March 2021 medical report constituted prima facia medical evidence for bilateral carpal tunnel syndrome.

Footnote 2: Claimant's C-3 form did not allege any injuries to his hands/wrists.